IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHNNIE B. PERKINS,

            Plaintiff

VS.

SGT. CLAY, *et al.*,

            Defendants

NO. 5:07-CV-349 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# ORDER AND RECOMMENDATION

On January 25, 2008, defendant TOMMY WILSON filed a MOTION TO DISMISS him from the above-styled action, citing a number of defenses including judicial immunity. After being advised of his duty to respond to defendant Wilson's motion, plaintiff JOHNNIE B. PERKINS filed a pleading that is entirely unresponsive to Wilson's contentions but does contain a copy of the court's January 29th Order directing him to respond to the defendant's motion. Tab #24.

The United States Supreme Court outlined the scope of the absolute immunity afforded to judges in ***Mireles v. Waco***, 502 U.S. 9 (1991). *Mireles* found two exceptions to the absolute immunity, neither of which is applicable in this case: (1) Actions not taken in the judge's judicial capacity; and (2) actions taken in the complete absence of all jurisdiction. *Id.* at 11-12.

In the instant case, the plaintiff's complaint deals with actions allegedly taken by Judge Wilson in his judicial capacity while properly presiding over the plaintiff's divorce. Accordingly, defendant Wilson is entitled to absolute judicial immunity and IT IS RECOMMENDED that his MOTION TO DISMISS (Tab #20) be GRANTED.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

In light of this Recommendation, defendant Wilson's MOTION TO STAY DISCOVERY (Tab #26) is GRANTED, and discovery shall be stayed until the district judge to whom this case is referred adopts or rejects this Recommendation.

SO ORDERED AND RECOMMENDED this 23rd day of APRIL, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE